IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PATRICIA COMPEAN** § | | |
| § | **CIVIL ACTION NO._____** | |
| **VS.** § | | |
| § | | |
| **UNITED PROPERTY & CASUALTY** § | | |
| **INSURANCE COMPANY** § | **JURY DEMANDED** | |
| § | | |
| § | | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("*United Property*"), Defendant herein, removes to this Court the state court action pending in the 164th Judicial District Court of Harris County, Texas invoking this Court's diversity jurisdiction, on the grounds explained below.

### BACKGROUND

1. On August 23, 2019, Plaintiff Patricia Compean filed the present action in the 164th Judicial District Court of Harris County, Texas, bearing Cause No. 2019-59197 (the "State Court Action") against Defendant United Property. *See* Plaintiff's Original Petition, attached hereto as **Exhibit A**.

2. Defendant United Property was served/received notice of this lawsuit on September 10, 2019, and appeared and answered on October 7, 2019, asserting a general denial and affirmative defenses to the claims and allegations made in Plaintiff's Original Petition. See Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated herein under **Exhibit A**.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Patricia Compean ("Plaintiff") through her attorney of record, and to the clerk of the 164th Judicial District Court of Harris County, Texas.

5. Pursuant to 28 U.S.C. § 1446(b)(1) this Notice of Removal has been timely filed by the Defendant within thirty (30) days following receipt by the Defendant through service.

## EXHIBIT INDEX

| | |
|---|---|
| **Exhibit A** | Index of Matters Being Filed; |
| **Exhibit B** | All executed process in this case, including a copy of the Plaintiff's Original Petition and a copy of Defendant's Original Answer |
| **Exhibit C** | Defendant's Proposed, Unexecuted Binding Stipulation and Accompanying Correspondence |
| **Exhibit D** | List of all Counsel of Record |
| **Exhibit E** | Civil Cover Sheet |

## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removal to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.     DIVERSITY OF PARTIES**

7.      Plaintiff is domiciled in Harris County, Texas. In her Original Petition, Plaintiff alleges that she resides in Houston, Harris County, Texas[1]. Pursuant to 28 U.S.C. § 1332(a), Plaintiff is a citizen of the State of Texas.

8.      United Property & Casualty Insurance Company is a foreign organization incorporated pursuant to the laws of the State of Florida and does not have its principle place of business in Texas. Pursuant to 28 U.S.C. § 1332(c)(1), United Property is a citizen of the State of Florida.

9.      Accordingly, there is complete diversity between the properly joined parties pursuant to 28 U.S.C. § 1332(a).

**B.     AMOUNT IN CONTROVERSY**

10.     Plaintiff's Original Petition states that "Plaintiff seeks monetary relief under $100,000.00, including damages of any king, penalties, costs, expenses, pre-judgment interest, and attorney's fees. Further, Plaintiff specifies that she seeks a maximum amount of damages that does not exceed the sum or value of $74,000, exclusive of interest and costs."[2] However, Texas law does not permit a plaintiff to plead a specific amount of damages.[3] Rule 47 of the Texas Rules of Civil Procedure requires an initial pleading to elect from among a pre-defined set of ranges of damages; the Rule does not permit a plaintiff to plead that Plaintiffs are seeking monetary relief under $75,000.00.[4] Plaintiff's Original Petition fails to comply with Rule 47 of the Texas Rules of Civil

---

[1] *See* Plaintiffs' First Amended Petition, **Exhibit A**, at P. 2.

[2] *See* Plaintiffs' First Amended Petition, **Exhibit A**, at P. 6.

[3] TEX. R. CIV. P. 47(b)-(c).

[4] *See* Plaintiffs' Original Petition, **Exhibit A**, at P. 6; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995); *Ford v. United Parcel Service, Inc. (Ohio)*, No. 3:14-cv-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (Fitzwater, J.) (There is no provision in Rule 47 permitting a plaintiff to plead for damages "not to (footnote continued)

Procedure. A bare assertion in a pleading that damages are less than $75,000, without more, is not binding on Plaintiff and does not determine the amount in controversy for purposes of federal jurisdiction.[5]

11.  On October 4, 2019, counsel for Defendant provided counsel for Plaintiff a binding stipulation indicating that Plaintiff and her counsel agree not accept any judgment in any amount that exceeds $75,000.00, including attorneys' fees, but exclusive of interest and costs.  *See* **Exhibit C.** To date, Plaintiff has failed to provide an executed copy of said binding stipulation.

12.  The amount in controversy plainly exceeds $75,000.00, exclusive of interest and costs. *See* **Exhibits A & C**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## CONCLUSION

13.  Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

WHEREFORE, Defendant, United Property & Casualty Insurance Company, respectfully prays that the state court action be removed and placed on this Court's docket for further proceedings as though it had originated in this Court and that this Court issue all necessary orders. United Property further requests any additional relief to which it may be justly entitled.

DATE: October 10, 2019.                                          [SIGNATURE ON NEXT PAGE]

---

exceed $74,000"); *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016) (Alvarez, J.) (Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000); *Manesh v. Nationwide General Insurance Company*, No. 5:17-CV-1213-DAE, 2018 WL 1887291, at *2 (W.D. Tex. Mar. 2, 2018) (Ezra, D.) (finding that the language in plaintiffs state court petition "damages are less than $75,000, exclusive of interest and costs," did not control because it violated TRCP 47 and constituted bad faith).

[5] *Ford v. United Parcel Service (Ohio)*, 2014 WL 41059565 at *4; *Manesh v. Nationwide General Insurance Company*, 2018 WL 1887291 at *2.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP


By: */s/ Sarah R. Smith*
  Sarah R. Smith
  Texas State Bar No. 24056346
  Rachael S. Fountain
  Texas State Bar No. 24097702
  24 Greenway Plaza, Suite 1400
  Houston, Texas 77046
  Telephone: 713.659.6767
  Facsimile: 713.759.6830
  sarah.smith@lewisbrisbois.com
  Rachael.fountain@lewisbrisbois.com

  ATTORNEYS FOR DEFENDANT,
  UNITED PROPERTY & CASUALTY
  INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

 Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on October 10, 2019, via e-filing addressed to:

Anthony Buzbee        *Via Eserve*
Christopher Leavitt
The Buzbee Law Firm
600 Travis, Suite 6850
Houston, Texas 77002
tbuzbee@txattorneys.com
cleavitt@txattorneys.com
*Attorneys for Plaintiff*

Stephen Walker        *Via Eserve*
Gregory Finney
Juan Solis
Law Offices of Manuel Solis
6657 Navigation Boulevard
Houston, Texas 77011
swalker@manuelsolis.com
gfinney@manuelsolis.com
jusolis@manuelsolis.com
*Attorneys for Plaintiff*

              */s/ Sarah R. Smith*
              Sarah R. Smith

4817-0941-3801.1