# EXHIBIT B



## Service of Process Transmittal
09/10/2019
CT Log Number 536219876

| | |
|---|---|
| **TO:** | JOHN HENLEY<br>UPC Insurance (NASDAQ: UIHC)<br>800 2ND AVENUE SOUTH<br>SAINT PETERSBURG, FL 33701 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | United Property & Casualty Insurance Company  (Domestic State: FL) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | PATRICIA COMPEAN, PLTF. vs. UNITED PROPERTY & CASUALTY INSURANCE COMPANY, DFT. |
| **DOCUMENT(S) SERVED:** | PETITION, CITATION |
| **COURT/AGENCY:** | Harris COUNTY DISTRICT COURT, TX<br>Case # 201959197 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/10/2019 at 13:52 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | Anthony G. Buzbee<br>The BUZBEE Law Firm<br>600 Travis, Suite 6850<br>Houston, TX 77002<br>73-223-5393 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780123353605<br><br>Image SOP<br><br>Email Notification,  Legal Department  LAWSUIT@upcinsurance.com<br><br>Email Notification,  Tracey Reed  treed@upcinsurance.com<br><br>Email Notification,  Gilbert Rodriguez  grodriguez@upcinsurance.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **For Questions:** | 214-932-3601 |

Page 1 of  1 / SV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**DELIVERED SEP 1 0 2019**

CAUSE NO. 201959197

| | RECEIPT NO. | 0.00 CIV |
|---|---|---|
| | ********* | TR # 73662608 |

| | |
|---|---|
| PLAINTIFF: COMPEAN, PATRICIA<br>vs.<br>DEFENDANT: UNITED PROPERTY & CASUALTY INSURANCE COMPANY | In The  164th<br>Judicial District Court<br>of Harris County, Texas<br>164TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: UNITED PROPERTY & CASUALTY INSURANCE COMPANY BY SERVING
C T CORPORATION SYSTEM
1999 BRYAN ST STE 900   DALLAS   TX   75201 - 3136
Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>23rd day of August, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This citation was issued on 26th day of August, 2019, under my hand and seal of said Court.



Issued at request of:
LEAVITT, CHRISTOPHER JERROD
600   TRAVIS STREET SUITE 7300
HOUSTON, TX   77002
Tel: (713) 223-5393
Bar No.: 24053318

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: OUGRAH, CHANCESAS  8D9//11310060

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____ of _____ County, Texas

By _____
Affiant                                                       Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
Notary Public

8/23/2019 2:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36232807
By: C Ougrah
Filed: 8/23/2019 2:03 PM

**2019-59197 / Court: 164**

CAUSE NO. _____

| | | |
|---|---|---|
| PATRICIA COMPEAN | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | Harris COUNTY, TEXAS |
| v. | § | |
| | § | _____ JUDICIAL DISTRICT |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY | § | |
| *Defendant* | § | **JURY TRIAL DEMAND** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF Patricia Compean ("Plaintiff") and files this Original Petition against United Property & Casualty Insurance Company ("Defendant") and, in support of thereof, would respectfully show the Court the following:

### I.   DISCOVERY CONTROL PLAN AND MONETARY RELIEF

1. Plaintiff intends to conduct discovery under Level 2. Tex. R. Civ. P. 190.3.

2. Plaintiff seeks monetary relief under $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. Tex. R. Civ. P. 47(c)(1). Further, Plaintiff specifies that she seeks a maximum amount of damages that does not exceed the sum or value of $74,000, exclusive of interest and costs. Removal would be improper because there is no federal question. Plaintiff has not asserted any claims arising under the Constitution, treaties or laws of the United States of America. 28 U.S. Code § 1331. Further, removal would be improper because federal courts lack subject matter jurisdiction over this action, as the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S. Code § 1332.

## II. CONDITIONS PRECEDENT

3. Pursuant to Tex. R. Civ. P. 54, Plaintiff asserts that all conditions precedent to recovery have been performed or have occurred.

## III. PARTIES, JURISDICTION AND VENUE

### A. PARTIES

4. Plaintiff Patricia Compean is a Texas resident, who resides in 8927 San Alberto, Houston, Harris County, Texas.

5. Defendant United Property & Casualty Insurance Company is an insurance company doing business in the State of Texas, which may be served through CT Corporation System at 1999 Bryan St Ste 900 Dallas, TX 75201-3136.

### B. JURISDICTION

6. The Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of the Court.

7. The Court has both general and specific personal jurisdiction over Defendant. The Court has general jurisdiction over Defendant, as Defendant has sufficient minimum contacts with and within this State and has purposefully availed itself of the privilege of conducting activities within this State, thus invoking the benefits, protections, and obligations of this State's laws. Defendant's contacts with this State, which are continuous and systematic, include doing business in Texas, selling and delivering insurance products in Texas, entering into contracts for insurance in Texas with Texas residents, insuring property located in Texas, underwriting insurance policies in Texas, accepting policy premiums in Texas and adjusting insurance claims in Texas. This activity was not the unilateral activity of another party or a third person.

8.     Defendant's contacts with Texas, relied upon by Plaintiff, were purposeful and were not random, fortuitous, or attenuated, and are thus subject to the jurisdiction of this State in suits based on its activities. The Court has jurisdiction over Defendant because: (1) Defendant purposefully availed itself of the benefits of conducting activities in Texas, and (2) the cause of action arises from or relates to those contacts or activities.

9.     The Court has specific jurisdiction over this matter as it involved the execution, performance, and breach of a Texas insurance contract with Plaintiff, who is a Texas resident, with regards to an insured risk and/or property located in Texas. As a matter of law, Defendant conducted business in this State because, without limitation, Defendant conducted the business of insurance in Texas and committed one or more torts and/or violated the Texas DTPA and/or Insurance Code, in whole or in part in this State, against Plaintiff in Harris County, Texas. Defendant has sufficient and/or minimum contacts with this State, and thus Plaintiff affirmatively assert the Court's exercise of jurisdiction over Defendant comports with "traditional notions of fair play and substantial justice."

C.     VENUE

10.    Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(1). The property subject to this dispute and which is owned by Plaintiff is located in Harris County. The insurance policy insuring the property was executed in Harris County. The damage to the property resulted from an event or occurrence in Harris County. The resulting insurance claim that was made by Plaintiff, the property inspection performed by Defendant, and the denial and/or underpayment of the insurance claim by Defendant occurred in Harris County.

## IV. FACTUAL BACKGROUND

11. Patricia Compean is a named insured under a property insurance policy issued by United Property & Casualty Insurance Company. The policy number is ***0242.

12. Hurricane Harvey caused major wind damage to thousands of homes in the Southeast Texas area. Hurricane Harvey's winds were sufficient to cause damage as evidenced in this claim.. Thereafter, Plaintiff's subsequently filed a claim on her insurance policy.

13. Defendant improperly denied and/or underpaid the claim.

14. Defendant conducted a substandard investigation and inspection of the property, prepared a report, which did not include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

15. Specifically, On August 28, 2017, Hurricane Harvey hit the Texas coast, which included Harris County. The impact of this storm caused roof and interior damage to Plaintiff's property. Specifically, the storm lifted shingles, causing water to enter into the house. As a result, the water stained the ceiling. Thereafter, Plaintiff filed a claim on her insurance policy.

16. Defendant performed an outcome-oriented investigation of Plaintiff's claim. Defendant's (improper) claims handling included Defendant's biased claims adjustment, and an unfair and inequitable evaluation of Plaintiff's losses on the property. In addition, Defendant's claims handling included both an unreasonable investigation and underpayment of Plaintiff's claim.

## V. CAUSES OF ACTION AND ATTORNEY'S FEES

17. Plaintiff incorporates the foregoing for all purposes.

### A. BREACH OF CONTRACT

18. Plaintiff and Defendant entered into an insurance contract. Defendant breached this contract by, without limitation, inadequately and/or improperly investigating Plaintiff's insurance

claim, wrongfully denying and/or underpaying the claim. Defendant damaged Plaintiff through its actions and/or inactions described herein.

**B.　PROMPT PAYMENT OF CLAIMS STATUTE**

19.　Defendant's failure to pay for Plaintiff's losses and/ or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542. 051 *et seq.* of the Texas Insurance Code.

20.　In addition to Plaintiff's claim for damages, Defendant's violation of the Tex. Insurance Code entitles Plaintiff to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.　BAD FAITH**

21.　Defendant is an insurance company and insured Plaintiff's property. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

22.　Defendant violated Section 541.051 of the Texas Insurance Code by, without limitation:

　　1. Making statements misrepresenting the terms and/or benefits of the policy.

23.　Defendant also violated Section 541.060 by, without limitation:

　　1. Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

　　2. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

　　3. Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromised settlement of a claim;

4. Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and/or

5. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

24. Defendant violated Section 541.061 by, without limitation:

1. Making an untrue statement of material fact;

2. Failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

3. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

4. Making a material misstatement of law; and/or

5. Failing to disclose a matter required by law to be disclosed.

25. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

## D. ATTORNEYS' FEES

26. Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

27. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because an attorney that represents Plaintiff presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

28. Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VI. TEX. R. CIV. P. 193.7 NOTICE.

29. Pursuant to Tex. R. Civ. P. 193.7, the undersigned hereby notifies all parties and counsel of record that Plaintiff may introduce into evidence at the time of trial or pre-trial, those documents produced by all parties in response to requests for production and/or requests for disclosure in this matter.

## VII. JURY DEMAND

30. Pursuant to Tex. R. Civ. P. 216, Plaintiff hereby demands trial by jury and has tendered the appropriate fee.

## VIII. PRAYER

31. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that, after due process of law, Plaintiff have judgment against Defendant for actual damages, together with exemplary damages, statutory damages, treble damages, statutory interest, pre-judgment interest, post-judgment interest, attorneys' fees, costs of suit, and for all such other and further relief, both general and special, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

## THE BUZBEE LAW FIRM

By: */s/ Anthony G. Buzbee*
    Anthony G. Buzbee
    State Bar No. 24001820
    tbuzbee@txattorneys.com
    Christopher J. Leavitt
    State Bar No. 24053318
    cleavitt@txattorneys.com
    JP Morgan Chase Tower
    600 Travis, Suite 6850
    Houston, Texas 77002
    Telephone: (713) 223-5393
    Facsimile: (713) 223-5909

AND

**LAW OFFICES OF MANUEL SOLIS, PC**

By: */s/ Stephen R. Walker*
    Stephen R. Walker
    State Bar No. 24001820
    Texas Bar No. 24034729
    Gregory J. Finney
    Texas Bar No. 24044430
    Juan A. Solis
    Texas Bar No. 24103040
    6657 Navigation Blvd.
    Houston, TX 77011
    Phone: (713) 277-7838
    Fax: (281) 377-3924
    swalker@manuelsolis.com
    gfinney@manuelsolis.com
    jusolis@manuelsolis.com

**ATTORNEYS FOR PLAINTIFF**

09.408724

9/12/2019 1:26 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36755596
By: Tiffany Jefferson
Filed: 9/12/2019 1:26 PM

CAUSE NO. 201959197

RECEIPT NO.            0.00     CIV
\*\*\*\*\*\*\*\*\*
TR # 73662608

PLAINTIFF: COMPEAN, PATRICIA
      vs.
DEFENDANT: UNITED PROPERTY & CASUALTY INSURANCE COMPANY

In The   164th
Judicial District Court
of Harris County, Texas
164TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: UNITED PROPERTY & CASUALTY INSURANCE COMPANY BY SERVING
    C T CORPORATION SYSTEM
    1999 BRYAN ST STE 900    DALLAS   TX   75201 - 3136
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>23rd day of August, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 26th day of August, 2019, under my hand and seal of said Court.

<u>Issued at request of</u>:
LEAVITT, CHRISTOPHER JERROD
600   TRAVIS STREET SUITE 7300
HOUSTON, TX   77002
Tel: (713) 223-5393
<u>Bar No.</u>:  24053318

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: OUGRAH, CHANCESAS  8D9//11310060

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____
                                _____ of _____ County, Texas

_____     By _____
       Affiant                                              Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn

CAUSE NUMBER: 2019-59197

| | |
|---|---|
| PATRICIA COMPEAN<br>PLAINTIFF | |
| VS. | IN THE 164TH JUDICIAL DISTRICT<br>COURT OF HARRIS COUNTY, TEXAS |
| UNITED PROPERTY & CASUALTY<br>INSURANCE COMPANY<br>DEFENDANT | |

## AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day **D'ANN WATHEN**, personally appeared before me and stated under oath as follows:

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Wednesday September 04, 2019 AT 01:43 PM** - CITATION, PLAINTIFF'S ORIGINAL PETITION, came to hand for service upon **UNITED PROPERTY & CASUALTY INSURANCE COMPANY BY SERVING C T CORPORATION SYSTEM**.

On **Tuesday September 10, 2019** at **12:00 PM** - The above named documents were hand delivered to: **UNITED PROPERTY & CASUALTY INSURANCE COMPANY BY SERVING C T CORPORATION SYSTEM @ 1999 BRYAN ST., STE. 900, DALLAS, TX 75201, in Person.** by delivery to Kim Hightower, Designated Agent.

**FURTHER AFFIANT SAYETH NOT.**

_____
**D'ANN WATHEN**
PSC#6622 EXP 06/30/21

**SWORN TO AND SUBSCRIBED** before me by **D'ANN WATHEN** appeared on this 11th day of SEPTEMBER, 2019 to attest witness my hand and seal of office.

CHRISTOPHER S WATHEN
Notary Public, State of Texas
Comm. Expires 04-15-2023
Notary ID 10486976

_____
NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2019.09.408234

Case 4:19-cv-03940   Document 1-2   Filed on 10/10/19 in TXSD   Page 14 of 17

10/7/2019 6:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37455256
By: Tiffany Jefferson
Filed: 10/7/2019 6:14 PM

CAUSE NO: 2019-59197

| | | |
|---|---|---|
| PATRICIA COMPEAN | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY | § | 164TH JUDICIAL DISTRICT |

**DEFENDANT, UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, United Property & Casualty Insurance Company ("United Property,") in the above-entitled and numbered cause and files this, its Answer to Plaintiff's Original Petition, and would respectfully show unto the Court the following:

**I.**

**GENERAL DENIAL**

United Property & Casualty Insurance Company asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove his charges and allegations against United Property & Casualty Insurance Company by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

**II.**

**DEFENSES**

2.1     United Property & Casualty Insurance Company denies that the required conditions precedent were performed and/or occurred.

2.2     United Property issued a policy of insurance to Plaintiff, and United Property adopts its terms, conditions and exclusions as if copied *in extenso*.

4836-1079-1337.1

2.3     The Policy does not cover wear and tear, marring, deterioration; mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself;

2.4     The Policy does not cover damages which occurred prior to Policy inception or after Policy expiration regardless of whether such damages were apparent at the time of the inception of the Policy or discovered at a later date. To the extent that any part of the loss which Plaintiff complains did not occur during the applicable policy period, the Policy provides no coverage for same.

2.5     United Property's obligation to pay under the Policy extends, if at all, only to a covered loss that exceeds the Policy deductible. If there is an obligation to pay, it applies only to the amount of covered loss that exceeds the deductible.

2.6     United Property is entitled to any credits or set-offs for prior payments by United Property or other third parties.

2.7     To the extent that some or all of Plaintiff's claims may have been fully adjusted and payment tendered, Plaintiff is only entitled to one satisfaction or recovery for his alleged damages.

2.8     To the extent that Plaintiff's damages are determined to be the result of a failure by Plaintiff to take reasonable steps to mitigate the loss, those damages are not recoverable.

2.9     To the extent that all statutory and policy requisites have not been satisfied, this suit is premature.

### III.

### REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Plaintiff is requested to disclose the information or material described in Rule 194.

4836-1079-1337.1

## IV.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Defendant, United Property & Casualty Insurance Company, respectfully prays that Plaintiff take nothing by his suit, that Defendant recovers costs, and for such other and further relief, both at law and in equity, to which United Property & Casualty Insurance Company may be justly entitled.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH, LLP

_____
Sarah R. Smith
TBA No: 24056346
Rachael S. Fountain
TBA No: 24097702
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone:  (713) 659-6767
Fax:     (713) 759-6830
sara.smith@lewisbrisbois.com
rachael.fountain@lewisbrisbois.com
ATTORNEYS FOR DEFENDANT, UNITED PROPERTY & CASUALTY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded pursuant to the Texas Rules of Civil Procedure on this 7th day of October, 2019.

Anthony Buzbee  *Via Eserve*
Christopher Leavitt
The Buzbee Law Firm
600 Travis, Suite 6850
Houston, Texas 77002
tbuzbee@txattorneys.com
cleavitt@txattorneys.com
*Attorneys for Plaintiff*

Stephen Walker  *Via Eserve*
Gregory Finney
Juan Solis
Law Offices of Manuel Solis
6657 Navigation Boulevard
Houston, Texas 77011
swalker@manuelsolis.com
gfinney@manuelsolis.com
jusolis@manuelsolis.com
*Attorneys for Plaintiff*

Sarah R. Smith

4836-1079-1337.1